FILED: 1/13/2022 1:59 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 60798012
Reviewed By: Maria Hernandez

CAUSE NO. 220019-C

| | | |
|---|---|---|
| HAMID TABAK and ABDELKRIM SBAI<br>*Plaintiffs,* | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | ORANGE COUNTY, TEXAS |
| JERRY BRIAN YATES and SOUTHERN ELECTRIC CORP. OF MISSISSIPPI<br>*Defendants.* | § § § | 163rd JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HAMID TABAK and ABDELKRIM SBAI, hereinafter referred to as Plaintiffs, and files this, their Original Petition and Request for Disclosure, complaining of JERRY BRIAN YATES and SOUTHERN ELECTRIC CORP. OF MISSISSIPPI, hereinafter referred to as Defendants, and for cause of action would respectfully show this Honorable Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests that discovery be conducted pursuant to Level 3 and that a discovery control plan be entered to govern discovery in this case.

### II. REQUIRED DISCLOSURES

Pursuant to Rule 194(a) of the Texas Rules of Civil Procedure, each Defendant is required to disclose the information and material described in Rule I94.2(b)1-12 within **thirty (30) days after Defendant files its Answer with the Clerk.** Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

Exhibit A

III.                             **PARTIES AND SERVICE OF CITATION**

Plaintiff HAMID TABAK is a resident of Houston, Harris County, Texas.

Plaintiff ABDELKRIM SBAI is a resident of Grand Prairie, Dallas County, Texas.

Defendant, JERRY BRIAN YATES, is a non-resident and may be served pursuant to Texas Civil Practice and Remedies Code §17.044 by serving the chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr. at 125 E. 11th Street, Austin, Texas 78701 who shall then mail a copy of the process Defendant, Spencer Minton, 2020 Terrell, Collins, Mississippi 39428.

Defendant, SOUTHERN ELECTRIC CORP. OF MISSISSIPPI, is a foreign corporation doing business in the State of Texas and can be served with citation by serving its registered agent for service of process, Robert Hopson, 2404 Loving Avenue, Dallas, Texas 75214.

## IV. JURISDICTION AND VENUE

Venue is proper in Orange County, Texas, the County in which this lawsuit has been filed on the grounds that at all times material to this lawsuit and to the filing of this lawsuit, a substantial part of the events or omissions giving rise to the claim occurred in Orange County, Texas.

The Court has jurisdiction in this matter since Plaintiffs' damages are within its jurisdictional limits. At this time, the full extent of Plaintiffs injuries is not known. At the time of filing this lawsuit, Plaintiff seeks monetary relief "over $250,000 but not more than $1,000,000.00" in accordance with TRCP paragraph (c) (4) of R. 47.

## V. FACTUAL BACKGROUND

On or about September 8, 2020, Defendant JERRY BRIAN YATES was driving eastbound a SOUTHERN ELECTRIC CORP. OF MISSISSIPPI (SOUTHERN) truck on

Exhibit A

Interstate 10 near the 877 mile marker in Orange County, Texas when he failed to maintain a single lane, crossed into the shoulder, damaging a tire, and lost control of his vehicle. YATES careened into the guardrail as Plaintiff HAMID TABAK, driving a truck owned by Plaintiff ABDELKRIM SBAI, was driving westbound on Interstate 10 as Defendant YATES'S vehicle came onto the guardrail, headfirst toward Plaintiff TABAK. Debris from the YATES truck collided with the TABAK vehicle and Plaintiff TABAK maneuvered to avoid a collisioni causing his vehicle to roll over. As a result of the collision, Plaintiff HAMID TABAK suffered severe personal injuries and damages for which he now sues and Plaintiff ABDELKRIM SBAI suffered damages for which he now sues.

Nothing Plaintiffs did, or failed to do, caused the occurrence in question. To the contrary, the occurrence in which Plaintiffs was severely injured or damaged and the injur.ies and damages which they sustained were proximately caused by the negligence and negligence per se, as those terms are understood in law[1] on the part of Defendant JERRY BRIAN YATES.

## VI. NEGLIGENCE OF JERRY BRIAN YATES

Defendant, JERRY BRIAN YATES, was nc::gligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively constitute negligence which proximately caused the incident made the basis of this lawsuit, and the resulting injuries and damages to Plaintiffs:

    a.    In failing to maintain a proper lookout;

    b.    In failing to make a timely and proper application of the brakes of his vehicle;

    c.    In failing to bring the vehicle to a stop before it collided with Plaintiff's vehicle;

    d.    Failing to use due caution;

    e.    In being inattentive and failing to maintain proper control of his vehicle;

f.    In failing to maintain a single lane;

g.    In operating his vehicle in a manner other than which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

h.    In operating his vehicle in a reckless manner; and

i.    Negligence per se for violating provisions of the Texas Transportation Code, including but not limited to the applicable provisions of Chapter 545 of the Texas Transportation Code. Each and all of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the collision in question and the injuries and damages for which Plaintiff now sues.

## VII. RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendant SOUTHERN, including JERRY BRIAN YATES, were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant SOUTHERN, including JERRY BRIAN YATES, were acting in furtherance of the duties of their office and/or employment.

Therefore, Defendant SOUTHERN, is responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees, including JERRY BRIAN YATES, pursuant to the Doctrine of *Respondeat Superior*

## VIII. NEGLIGENT ENTRUSTMENT, TRAINING AND SUPERVISION

Plaintiff further alleges that, on or about the occasion in question Defendant. SOUTHERN owned the vehicle that was operated by JERRY BRIAN YATES. YATES was in possession of said vehicle with the express consent of Defendant SOUTHERN.

Defendant, SOUTHERN, entrusted its vehicle to JERRY BRIAN YATES for the purpose of operating it, and YATES operated it with the knowledge, consent, and permission of ELMER

ii-

SOUTHERN. At such time, YATES was incompetent and unfit to safely operate a motor vehicle. Defendant SOUTHERN knew or should have known, in the exercise of due care, that YATES was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property.

Plaintiff also alleges that, upon the occasion in question, Defendant SOUTHERN were negligent for failing to use ordinary care by various acts and omissions in at least **the** following ways:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant JERRY BRIAN YATES, so as to provide for the safe operation of tractor-trailer such as the one involved in the occurrence in question;

(b) In employing and retaining drivers, specifically including Defendant JERRY BRJAN YATES, who lacked proper screening, testing, training, and qualifications so as to provide for the safe operation of tractor-trailers such as the one involved in the occurrence in question;

(c) In failing to properly train and supervise drivers, specifically including Defendant JERRY BRIAN YATES, so as to provide for the safe operation of tractor trailers such as the one involved in the occurrence in question;

(d) Knowingly and negligently entrusting its vehicle to a reckless, incompetent, and/or unlicensed driver;

(e) Knowingly and negligently entrusting its vehicle to an inexperienced driver;

(f) Failing to use reasonable care in recruiting and selecting employees

(g) Failing to use reasonable care in monitoring and supervising the conduct of employees and/or independent contractors hired to perform **tasks** in furtherance of the Defendant's business.

### IX. DAMAGES

Upon trial of this casej it will be shown that Plaintiff sustained serious injuries and damages proximately caused by Defendants' negligence, and/or negligence per se. Plaintiff requests the Court and jury to determine the amount of she has incurred in the past and will incur

in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain, suffering, and mental anguish.  There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate them for her injuries, damages, losses incurred and to be incurred.

PAST DAMAGES

From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

1. Physical pain;

2. Mental anguish;

3. Medical expenses;

4. Damages resulting from physical impairment and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

5. Physical disfigurement;

6. Property damage;

7. Loss of use; and

8. Lost wages.

FUTURE DAMAGES

From the time of trial of this case the elements of damages to be separately considered that Plaintiff will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon the trial of this case:

1. Physical pain;

2.  Mental anguish;

Exhibit A

3. Medical expenses;

4. Physical impairment and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

5. Lost Wages.

Because of all of the above and foregoing, Plaintiffs have been damaged, and will be damaged, in an amount far in excess of the minimal jurisdictional limits of the Court. Plaintiffs reserve the right to amend this pleading as discovery progresses in this case.

## X. RULE 193.7 NOTICE

Plaintiffs give notice to Defendants that they intend to use all discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

## XI. TRE 609 (F)

You are hereby on notice that, pursuant to the Texas Rules of Evidence 609(f), Plaintiffs intend to use any documents produced in relation to Defendants' criminal convictions as evidence at the time of trial.

## XII. CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs pray that citations be issued and served on the named Defendants as above requested and after final hearing, Defendants be found jointly and severally liable and further, that Plaintiffs receive an amount greater than the minimal jurisdictional limits of this Court for the following:

Compensation for medical expenses incurred in the accident for bodily injuries suffered by Plaintiff TABAK and for future medical expenses they will incur in the future;

2. For past, present and future pain and suffering as a direct result of the injuries Plaintiff TABAK has sustained

3. For past, present and future mental anguish as a direct result of the injuries Plaintiff TABAK has sustained;

4. For past, present and future lost wages as a direct result of the injuries Plaintiff TABAK has sustained;

5. Compensation for damage to property suffered by Plaintiff SBA!;

6. Loss of earnings for being unable to use the damaged vehicle suffered by Plaintiff SBAI

7. Cost of suit;

8. For interest on the judgment at the legal rate on the date that it is entered, for prejudgment interest;

9. Cost of appeal; and

10. For all other relief, general and specific, legal and equitable, to which Plaintiffs may show themselves entitled.

Respectfully submitted,

**THE MIDANI LAW FIRM**

By: _lo_____ If JJ.,:;.?_

SBN: 12084500
jleach@midanilaw.com
Bridgit Ann White
SBN: 24008269
bwhite@midanilaw.com
Tara Afrakhteh Milliff
SBN: 24073825
tmilliff@midanilaw.com
Mark 0. Midani
SBN: 14013250
mrnidani@midanilaw.com
1616 S. Voss, Suite 450
Houston, Texas 77057
(713) 871-1001 Office
(713) 871-1054 Facsimile
**ATTORNEYS FOR PLAINTIFFS**

ii

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Tellez on behalf of John Leach, III
Bar No. 12084500
etellez@midanilaw.com
Envelope ID: 60798012
Status as of 1/13/2022 2:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John R.Leach, III | | jleach@midanilaw.com | 1/13/2022 1:59:57 PM | SENT |
| Eric Tellez | | etellez@midanilaw.com | 1/13/2022 1:59:57 PM | SENT |

Exhibit A